Finally, Father complains that Mother had sufficient resources to pay the fees. However, "[a] spouse's inability to pay is not a requirement for awarding attorney's fees." *Bullard v. Bullard*, 969 S.W.2d 880, 884 (Mo.App.1998). Instead, section 452.355.1 directs the trial court to consider "*all* relevant factors." (Emphasis added). There is no evidence that the trial court neglected this direction here. Point denied.

### Conclusion

For the foregoing reasons, we reverse the portion of the judgment awarding retroactive child support and remand for re-calculation of such support in a manner consistent with this opinion. We affirm the judgment in all other respects.

ELLIS and HARDWICK, JJ., concur.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., and GLENN A. NORTON, J.

### ORDER

PER CURIAM.

Defendant, Jeffrey Palmer was convicted, after a jury trial, of possession of over 35 grams of marijuana. He was sentenced as a prior offender to imprisonment for four years.

No jurisprudential purpose would be served by a written opinion. The judgment of conviction is affirmed. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Jeffery PALMER, Appellant.**

**No. ED 83688.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 19, 2004.

Amanda R. Schehr, St. Louis, MO, for appellant.

■

**STATE of Missouri, Respondent,**

v.

**Keith R. HORTON, Appellant.**

**No. ED 83551.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 19, 2004.

Amy Bartholow, Columbia, MO, for appellant.